UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL WANDAHSEGA, JR.,

Defendant.

No. 2:26-cr-11

Hon. HALA Y. JARBOU
Chief U.S. District Judge

# PLEA AGREEMENT

This constitutes the plea agreement between Michael Wandahsega, Jr. and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. Defendant Agrees to Plead Guilty. Defendant agrees to plead guilty to the Indictment. The Indictment charges Defendant with distribution of fentanyl resulting in death in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

2. Defendant Understands the Crime. In order for Defendant to be guilty of violating 21 U.S.C. § 841(a)(1), (b)(1)(C), the following must be true: on or about December 25, 2025, in Menominee County, in the Northern Division of the Western District of Michigan and elsewhere, Defendant knowingly and intentionally distributed fentanyl; Defendant knew at the time of distribution that the substance was a controlled substance; D.W. would not have died but for the use of the same fentanyl distributed by Defendant; and, Defendant was part of the distribution chain that placed the fentanyl into the hands of D.W.

3. Defendant Understands the Penalties. The statutory minimum and maximum sentence for a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) resulting in death is the following: at least 20 years of imprisonment and up to life in prison; at least three years and up to a lifetime period of supervised release; a fine of $1,000,000; and a mandatory special assessment of $100.

4. Assessments, Restitution, Other Criminal Monetary Penalties, and Financial Cooperation.

a. Assessment. Defendant agrees to pay the special assessments on the day of sentencing.

b. Restitution. Defendant acknowledges the Court will order restitution as required by law. Pursuant to Title 18, Section 3663(a)(3), Defendant agrees to pay restitution for losses to all victims, including to the family of D.W. or others for losses related to the death of D.W. The amount of restitution is currently unknown, and the Court will determine the final amount at sentencing. Defendant agrees to pay restitution, to the fullest extent possible based on his financial condition, prior to sentencing by submitting funds to the Clerk of Court.

c. Financial Cooperation. Defendant also:

i. agrees to fully and truthfully complete and return the financial disclosure form the U.S. Attorney's Office provides, including any waivers, consents, or releases requested to access records to verify the financial information within 30 days of the date of this plea agreement;

ii. agrees that any restitution or other criminal monetary penalties imposed by the Court shall be due and payable immediately, any payment plan set by the Court represents a minimum payment obligation, and the United States may immediately enforce the judgment in full; and

iii. agrees that prior to sentencing he will not sell or give away any asset worth $5,000 or more, without first notifying the U.S. Attorney's Office. Defendant also agrees to notify the U.S. Attorney's Office of any proceeding, such as foreclosure or divorce, that may impact Defendant's financial condition.

5. Supervised Release Defined. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release.

6. Consent to Proceed Before a United States Magistrate Judge. Defendant hereby acknowledges the following: that he understands the federal charge against him and the possible penalties; that he desires to enter a plea of guilty pursuant to this plea agreement; that he has the right to have all proceedings, including the plea hearing, conducted by the United States District Judge assigned to this case; and that a United States Magistrate Judge may conduct the plea hearing with Defendant's consent and the consent of his attorney and the Assistant United States Attorney. Understanding these rights, Defendant freely and voluntarily consents to having a United States Magistrate Judge preside over the guilty plea

hearing and gives up his right to proceed before a United States District Judge. Defendant understands that the United States District Judge will accept or reject the plea, accept or reject the plea agreement, and will impose sentence.

7. Factual Basis of Guilt. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

> On or about December 25, 2025, Defendant obtained fentanyl from codefendant Dana Halfaday. Defendant paid Halfaday for the fentanyl using Cash App and coordinated the purchase by phone, text message, and Facebook messenger. After obtaining the fentanyl from Halfaday, Defendant returned to his residence in Menominee County. Defendant agreed to give D.W. some of the fentanyl in exchange for a ride. Defendant and D.W. used the fentanyl at Defendant's residence. Defendant lost consciousness, and when he came to, D.W. was not responsive. A forensic pathologist in Dane County Wisconsin conducted an autopsy of D.W. and determined that the cause and manner of his death was an accidental overdose. The pathologist determined that D.W. would not have died but for the fentanyl, which D.W. received from Defendant.

8. Acceptance of Responsibility. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set

forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

9. Prison Placement. The U.S. Attorney's Office will not object to a request by Defendant that the Court recommend that Defendant be confined at any particular institution. Both parties acknowledge that the Bureau of Prisons, in its sole discretion, decides prison placement and that, while the Bureau often gives deference to a Court's recommendation, the Bureau is not required to follow the Court's recommendation.

10. The Sentencing Guidelines. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. Defendant further understands

that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

11. The Parties Jointly Agree to the Following:

a. Stipulations Regarding Guideline Factors. Defendant and the U.S. Attorney's Office agree and stipulate to a base offense level of 38 pursuant to U.S.S.G. §§ 2D1.1(a)(1)(2) because the fentanyl that Defendant distributed to D.W. was the but-for cause of D.W.'s death. Defendant and the U.S. Attorney's Office each reserve the right to argue that additional specific offense characteristics, adjustments, and departures are appropriate.

b. Stipulations Not Binding in Court. The Defendant understands that neither the United States Probation Office nor the Court is bound by any stipulation in this agreement, and that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Both the Defendant and the U.S. Attorney's Office are free to supplement the facts stipulated to in this agreement by supplying relevant information to the United States Probation Office and the Court, and to correct any and all factual misstatements relating to the calculation of the sentence. Defendant understands that if the Court finds facts or reaches conclusions different from those in any stipulation contained in this agreement, Defendant cannot, for that reason alone, withdraw his guilty plea.

12. Waiver of Constitutional Rights. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial.

At any trial, whether by jury or by the Court, Defendant would have had the following rights:

a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

c. The right to confront and cross-examine witnesses against Defendant.

d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

f. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

13. Waiver of Appellate Rights. Defendant gives up his right to directly appeal his conviction, sentence, or any other matter relating to this prosecution on any ground.

14. FOIA Requests. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15. The Court is not a Party to this Agreement. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

16. This Agreement is Limited to the Parties. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

17. Consequences of Breach. If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right

to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

***Remainder of page intentionally left blank***

TIMOTHY VERHEY
United States Attorney

11-17-26

Date

HANNA L. RUTKOWSKI
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

Date

MICHAEL WANDAHSEGA, JR.,
Defendant

I am Michael Wandahsega, Jr.'s attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

11/17/2026

Date

KARL P. NUMINEN
Attorney for Defendant